1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    JOHN FRATUS,                          Case No. 24-cv-03469 EJD (PR)

8              Plaintiff,                  **ORDER OF PARTIAL DISMISSAL**
                                           **AND OF SERVICE; TERMINATING**
9         v.                               **MOTION AS MOOT; DIRECTING**
                                           **DEFENDANT TO FILE**
10   VACA,                                 **DISPOSITIVE MOTION OR**
                                           **NOTICE REGARDING SUCH**
11            Defendant.                   **MOTION; INSTRUCTIONS TO**
                                           **CLERK**
12

13                                         (Docket No. 24)

14         Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42

15   U.S.C. § 1983 against prison staff at Salinas Valley State Prison ("SVSP") where he was

16   previously housed.  Dkt. No. 1.  The Court dismissed the complaint with leave to amend to

17   correct the deficiencies with respect to a failure to protect claim and allegations against John

18   Doe defendants.  Dkt. No. 16.  Plaintiff filed an amended complaint.  Dkt. No. 22.

19   Recently, Plaintiff filed a motion for clarification, seeking a status of this case.  Dkt. No. 24.

20                                    **DISCUSSION**

21   **A.    Standard of Review**

22         A federal court must conduct a preliminary screening in any case in which a prisoner

23   seeks redress from a governmental entity or officer or employee of a governmental entity.

24   See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

25   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

26   be granted or seek monetary relief from a defendant who is immune from such relief.  See

27   id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See

28   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

United States District Court
Northern District of California

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that on July 12, 2021, he was attacked by another inmate who was unknown to him.  Dkt. No. 22 ¶ 17.  While Plaintiff was seated in a corner talking on the phone, the inmate began to repeatedly punch Plaintiff in the head and back of the neck.  Id. Plaintiff claims that officers immediately responded and began spraying pepper spray directly into his eyes and face, but did not spray the attacker.  Id. ¶ 18.  The officer who sprayed Plaintiff in the face was Defendant Vaca.  Id. ¶ 20.  Afterward, while he was escorting Plaintiff to the shower to decontaminate, Defendant Vaca stated: "[T]hat was for the other day when you held the food port hostage and disrespected officers and sergeant that's what you get. We paid him to assault you because we heard that you like to sue officers. You can't sue us now we didn't' have to lay a finger on you we have inmates that will handle the job for us, etc. etc. etc. [sic]."  Id. ¶ 22.[1]

According to Plaintiff, the "other day" was July 10, 2021, when Plaintiff kept his food port open and also caused a trash can to spill down the hall in an effort to gain officers' attention to obtain missing pages from a Rules Violation Report that he had been issued that day.  Id. ¶¶ 8-12.  Plaintiff also "cussed out" several officers who "disrespected and cussed at Plaintiff first."  Id. ¶ 12.  Plaintiff asserts Defendant Vaca's comment reveals that officers sent an inmate to attack him on their behalf.  Id. ¶ 23.  Plaintiff also names as defendants "John Doe #1, 2, and 3" who are "correctional officers employed at SVSP."  Id. ¶ 6, 28.

Plaintiff asserts that his Eighth Amendment rights were violated due to Defendants' "failure to protect, when they sent an inmate to attack [him] on their behalf" and "allowed

---

[1] The amended complaint is essentially identical to the original complaint except for paragraph 22, in which Plaintiff includes additional statements by Defendant Vaca. Compare Dkt. No. 1 ¶ 22 with Dkt. No. 22 ¶ 22.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  this inmate to assault and batter Plaintiff." Id. ¶ 27.  Plaintiff also claims that the pepper

2  spray in his face constitutes excessive force.  Id.  Plaintiff seeks damages, including punitive

3  damages, because Defendants' acts were "despicable, sadistic, knowing, willful, malicious,

4  and carried out with deliberate indifference and reckless disregard for Plaintiff's federally

5  protected rights [and] offend[ed] contemporary standards of decency."  Id. ¶¶ 29-31.

6      Plaintiff's allegation that Defendant Vaca sprayed only him (and not the other

7  inmate) coupled with Defendant's statements support the inference that the force was

8  intentionally directed at Plaintiff.  Furthermore, the reference to the "other day" supports

9  Plaintiff's allegation that Defendant Vaca acted with malicious and sadistic intent to cause

10  harm for Plaintiff's past behavior.  Accordingly, the allegations are sufficient to state an

11  Eighth Amendment violation against Defendant Vaca for use of excessive force.  See

12  Hudson v. McMillian, 503 U.S. 1, 6 (1992).

13      The allegations are also sufficient to state a failure-to-protect claim because

14  Defendant Vaca's statement raises the inference that he knew Plaintiff faced a substantial

15  risk of serious harm and disregarded that risk by failing to take reasonable measures to abate

16  it.  See Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005).

17      With regard to Doe defendants, although the use of "John Doe" to identify a

18  defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642

19  (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968),

20  situations may arise where the identity of alleged defendants cannot be known prior to the

21  filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity

22  through discovery to identify the unknown defendants, unless it is clear that discovery

23  would not uncover their identities or that the complaint should be dismissed on other

24  grounds.  See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180

25  (N.D. Cal. 1986).  Plaintiff was already advised that the allegations were insufficient to

26  establish any claim against "John Doe #1, 2, and 3" because the complaint does not describe

27  the specific actions of each John Doe defendant.  Dkt. No. 6 at 3.  The allegations with

28  respect to John Doe defendants in the amended complaint are identical to those stated in the

original in that the pleadings generally refer to the actions of "officers" with the exception of Defendant Vaca.  See generally Dkt. Nos. 1, 22.  Accordingly, the amended complaint again fails to state any cognizable claim against John Doe defendants.  Plaintiff was already afforded one opportunity to amend his claims against John Doe defendants, and the Court finds no good cause to grant him another opportunity where the amended complaint fails to correct the deficiencies from the original.  *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  Accordingly, the claims against John Doe defendants must be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    The claims against John Doe defendants are **DISMISSED** for failure to state a claim.  This action shall proceed on the excessive force and failure to protect claims against Defendant Vaca.

2.    Defendant **Correctional Officer Vaca** shall be served at SVSP.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, (Dkt. No. 22), this order of service, a CDCR Report of E-Service Waiver form.  The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21

United States District Court
Northern District of California

1    days, shall file with the court a waiver of service of process for the defendant(s) who are

2    waiving service.

3        Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for

4    each defendant who has not waived service according to the CDCR Report of E-Service

5    Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205

6    forms and copies of this order, the summons and the operative complaint for service upon

7    each defendant who has not waived service.  The clerk also shall provide to the USMS a

8    copy of the CDCR Report of E-Service Waiver.

9        3.    No later than **ninety-one (91) days** from the date this order is filed,

10   Defendants shall file a motion for summary judgment or other dispositive motion with

11   respect to the claims in the complaint found to be cognizable above.

12           a.    Any motion for summary judgment shall be supported by adequate

13   factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

14   Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor

15   qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion

16   that this case cannot be resolved by summary judgment, he shall so inform the Court prior

17   to the date the summary judgment motion is due.

18           b.    **In the event Defendants file a motion for summary judgment, the**

19   **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

20   **warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See**

21   **Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

22       4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

23   and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

24   motion is filed.

25       Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and

26   Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment

27   must come forward with evidence showing triable issues of material fact on every essential

28   element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants'

1   motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of

2   the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v.

3   Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653

4   (9th Cir. 1994).

5       5.    Defendants shall file a reply brief no later than **fourteen (14) days** after

6   Plaintiff's opposition is filed.

7       6.    The motion shall be deemed submitted as of the date the reply brief is due.

8   No hearing will be held on the motion unless the Court so orders at a later date.

9       7.    All communications by the Plaintiff with the Court must be served on

10  Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

11  copy of the document to Defendants or Defendants' counsel.

12      8.    Discovery may be taken in accordance with the Federal Rules of Civil

13  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

14  Rule 16-1 is required before the parties may conduct discovery.

15      9.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

16  court informed of any change of address and must comply with the court's orders in a

17  timely fashion.  Failure to do so may result in the dismissal of this action for failure to

18  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

19      10.   Extensions of time must be filed no later than the deadline sought to be

20  extended and must be accompanied by a showing of good cause.

21      11.   Plaintiff's motion for clarification shall be terminated as moot by this order.

22  Dkt. No. 24.

23      This order terminates Docket No. 24.

24      **IT IS SO ORDERED.**

25  Dated:  June 3, 2025                                    _____

26                                                          EDWARD J. DAVILA
                                                            United States District Judge

United States District Court
Northern District of California